Judge Simpson
delivered the opinion of the Court.
The appellant brought an action on a note executed by the defendants, which reads as follows, viz:
*203 “$155 Louisville, Ky., May 12th, 1853.
“One hundred and sixteen days after date, we, “ James D. Hamilton, as principal, and A. J Ballard, “ as sureties, promise to pay jointly and severally “ to the order of the Mechanics’ Bank, one hundred “ and fifty-five dollars, negotiable and payable at “ said bank in Louisville, without defalcation, for “ value received. Witness our hands.
JAMES D. HAMILTON,
A. J. BALLARD.
He alleged in his petition that said note was made solely for the purpose of raising money to pay a debt which he held on the defendant, Hamilton, and that the latter being unable to have it discounted in bank, transferred and delivered it to him in liquidation, and discharge of the debt he owed him.
The defendant, Ballard, denied in his answer that said note was made for the purpose alleged by the plaintiff, and stated expressly that he would not have signed it if he had known it would have been so applied. He also alleged that he executed it as the surety of his co-defendant, for the sole purpose of raising- money for the use of the family of the latter, by borrowing it from the bank; that he would not have executed it for any other purpose, and that his co-defendant had no authority from him to use the note in any other manner whatever. The bank, he alleged, had never discounted or owmed the note, but it had been passed by his co-defendant directly to the plaintiff, in payment of a pre-existing debt, in open violation of the understanding between him and his co-defendant at the time it was executed, and in utter subversion of the object for which it was created.
A demurrer to this answer was overruled, and the allegations therein being sustained by the testimony, the court, to whom the law and facts of the case were submitted by the parties, rendered a judgment in favor of the defendant Ballard, and gave the plaintiff a judgment against the other defendant.
It is contended on the part of the appellant, that *204 according to the. case of Ward &c., vs. Northern Bank of Kentucky, 14 B. Monroe, 351, and the principles therein settled, the defense of Ballard was insufficient, and the judgment exonerating him from liability7 on the note is eroneous.
On the other side,.the case referred to has been assailed as containing unsound doctrine, and it is also contended, that conceding it to be authoritative, it is not analogous to the present case.
The doctrine contained in that case is, that when a note is made to raise money upon it, and it is executed by certain persons as sureties to impart credit to it, and left by them in the possession of their principal, who uses it for the very purpose for which it was made, the sureties cannot escape responsibility on it, upon the ground that it was made payable to a bank, and the money was advanced on it, not by the bank, but by another person. The decision in that case was made to turn upon the fact that the object for which the paper veas executed, to-wit, to raise money upon it, had been accomplished, and the circumstance of it having been made payable to the bank, was deemed insufficient to exonerate the sureties.
There-is a clear and marked distinction between that case and this. Here the intention with which the paper was created, instead of being carried into effect, was in reality defeated. The very fact upon which that case turned is wanting in this. No money was raised upon this note, but it was passed off in payment of a pre-existing debt. In that case the act of the surety had enabled the principal to obtain the money from a third person, and the question, who should sustain the loss, was, at least, in a moral point of view, clearly against them. But here the plaintiff has not been induced by the act of the surety to part with his money or his property. He does not sustain any loss by the discharge of the surety from liability on the note, but he is thereby only placed in his original position, and the principal in *205 tbe note still remains his debtor, and liable for the amount of the debt.
B. became tbs ,surety of H. in a note drawn payable to a bank, with the express view of obtaining a loan of money for the support of the family. of H. H., without the assent of B., passed it off to R. in discharge of a pre-existing debt: held that B. was not responsible to R. upon the note.
The form of the note in this case indicated the purpose for which it was executed. It was made payable to a bank, and showed on its face that Ballard was only the surety of his co-obligor.
These circumstances were sufficient notice to the plaintiff, that the paper was intended to be used to raise money upon it. They were sufficient, at least, to have put him upon an inquiry as to the object of the surety in its execution. By such an inquiry he could have ascertained that the intention of the makers of the note was truly indicated on its face. Any supposition or inference that Ballard intended, by executing the note, to become a surety for the payment of his debt, instead of being authorized, was in fact repelled by the form of the writing.
If a note be purchased by a party, with notice that one of the obligors is a surety merely, and that the sale and purchase will defeat the purpose for which it was executed by him, or will violate any understanding or agreement between him and his principal, then the purchaser will be affected by such notice, and cannot hold the surety liable on the note, or compel him to pay it.
The plaintiff must be considered as having notice at the time the note was transferred and delivered to him by Hamilton ; that it was signed by his surety, that money might be raised upon it by his principal, and that by its transfer to him it was diverted from the purpose for which it was made, and the understanding of the parties to it was thereby set at naught and 'wholly disregarded. Consequently, he cannot hold the surety responsible upon the writing.
Wherefore, the judgment is affirmed..